## Commonwealth *v.* Dudick, Appellant.   (No. 2)

*Crimes—Manslaughter—Evidence.*

Under such circumstances the evidence was sufficient to sustain the conviction.

Evidence of the speed at which the defendant was traveling at certain points of the road as he approached the place where the child's body was found was relevant as tending to show the time at which the defendant would be likely to arrive at the scene of the injury.

Untrue or contradictory statements of an accused in relation to his connection with the offense charged against him, when voluntarily made, are always competent evidence against him.

The proper time to ask the court to correct misstatements of evidence is before the jury retires. After one takes his chances on a verdict, it is too late to complain of such matters.

The admission of evidence having no probative value, is not reversible error, when it does the defendant no harm.

Argued October 28, 1925. Appeal No. 66, April T., 1926, by defendant from judgment of Oyer & Terminer, Lawrence County, March T., 1925, No. 2, on verdict of guilty in the case of Commonwealth v. Andy Dudick. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Indictment for manslaughter. Before EMERY, P. J.
The facts are stated in report of other appeal of defendant reported in 87 Pa. Superior Court 25.
Verdict of guilty which judgment of sentence was passed. Defendant appealed.

*Errors assigned* were, among others, various rulings on evidence.

*J. N. Martin,* of *Martin & Martin* and with him, *Cunningham & Graham* and *M. J. Kraus* for appellant, cited: Rigg v. Schweitzer 170 Pa. 549; Branson v. Kitchenman 148 Pa. 541; Commonwealth v. Clark 130 Pa. 651; Fisher v. Ruch, 12 Pa. Superior Court 240; Commonwealth v. Wilson, 186 Pa. 1; Commonwealth v. Shanor 29 Pa. Superior Court 362; Goersen v. Commonwealth, 106 Pa. 447; Pauli v. Commonwealth, 89 Pa. 432; Commonwealth v. Byers, 45 Pa. Superior Ct. 37; Commonwealth v. Washington, 202 Pa. 148; Commonwealth v. Light, 195 Pa. 220; Commonwealth v. Barner, 199 Pa. 335; Commonwealth v. Gearhardt, 205 Pa. 387.

*R. L. Hildebrand,* District Attorney, and with him *James A. Chambers,* for appellee, cited: Cathcart v. Commonwealth, 37 Pa. 108; Commonwealth v. Mosler, 4 Pa. 264; Commonwealth v. Johnson, 162 Pa. 63; Moyer v. Commonwealth, 98 Pa. 349.

OPINION BY GAWTHROP, J., December 17, 1925:

Defendant was convicted of involuntary manslaugh-ter. The death for which the verdict and judgment establish his responsibility is that which resulted to Mollie Deemer from being struck by his automobile under the circumstances described in an opinion filed today in Commonwealth v. Andy Dudick, No. 65, April Term, 1926. Substantially the same evidence was presented by the Commonwealth in each case. In the first defendant offered no evidence. In this he took the stand and testified that he did not know and had never seen Mollie Deemer, and that he did not strike her with his car. He admitted that at about 5:30 P. M. on the day she was injured he drove by the place where the body was found, and that a few minutes later he paid toll at the bridge at the time when, according to the evidence of the Commonwealth, he was pale and nervous. He denied that the headlight, was bent back, and that any part of the lens had fallen out. He testified that he did not know until he arrived at his house that the lens of his headlight was cracked. He called a number of witnesses who testified to his good reputation. The Commonwealth called witnesses who testified that his reputation was not good.

The first and second assignments of error complain of the admission of the testimony of the witnesses, Dunn and English, as to the rate of speed at which defendant was travelling at certain points on the road as he approached the place where the child's body was found. There is no merit in the assignments. The testimony was relevant as tending to show the time at which defendant would be likely to arrive at the scene of the injury.

There was proof by the Commonwealth that the head-lights of defendant's car were equipped with Monogram lenses, and that the pieces of glass found at the scene of the injury were part of a Monogram

lens. When defendant was on the stand under cross examination the district attorney handed to him a Monogram lens like the one out of which these pieces of glass had come and asked him to place it in the rim of the headlight for the purpose of demonstrating that it would fit it. The offer of this lens in evidence as an exhibit was objected to and its admission is the subject of the third assignment of error. While we are not satisfied that this exhibit had any probative value to the Commonwealth, we are clear that it did the defendant no harm.

The fifth assignment challenges the admission of the testimony of a police officer as to statements made by defendant after he was arrested. As it clearly appears that the statements were voluntary it would have been error to reject them. Untrue or contradictory statements of an accused in relation to his connection with the offense charged against him, when voluntarily made, are always competent evidence against him.

During the argument of a motion to discharge defendant because of the insufficiency of the Commonwealth's evidence, private counsel for the Commonwealth said in the presence of the jury: "Here was the girl out on the berm walking along on the dirt and he drove his car off the concrete and runs into her. Now, why did he do it?" A motion was made for the withdrawal of a juror and a continuance because of these remarks and its refusal is the subject of the eighth assignment. After reading the whole of the statement, only part of which is assigned for error, we are of opinion that there is no merit in this complaint and that the statement as a whole was a legitimate argument upon the motion for the discharge of defendant.

The tenth, eleventh and twelfth assignments pertain to alleged misstatements of the Commonwealth's contentions and the evidence thereof. Our reading of the

evidence has convinced us that the parts of the charge complained of were justified by the testimony. At the close of the charge the learned trial judge asked counsel if there was "anything else." Counsel for defendant said, "We have nothing." It is well settled that the proper time to ask the court to correct misstatements of the evidence is before the jury retires. After one takes his chances on a verdict it is too late to complain of such matters.

The thirteenth assignment is to the refusal of defendant's second request for charge. It was properly refused, because the facts stated in the point find no support in the evidence in the case. Counsel evidently framed the point upon the evidence in the other case.

The fourteenth assignment is predicated upon the refusal to direct a verdict of not guilty. As already stated the evidence of the Commonwealth is not materially different from that presented at the trial of this defendant on the other indictment. For the reasons stated in the opinion filed in that case, we think the evidence in this was sufficient to sustain a conviction of involuntary manslaughter.

We have discussed the most of the assignments of error and considered all of them, but find no reversible error. All are overruled, and the judgment is affirmed, and the record is remitted to the court below, and it is ordered that the defendant appear in that court at such time as he may be there called and that he be by that court committed until he has complied with the sentence or any part thereof which had not been performed when the appeal in this case was made a supersedeas.